**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>EDWARD ANTHONY RODRIGUEZ,<br><br>Defendant(s). | 2:14-CR-3 JCM (CWH) |

**ORDER**

Presently before the court is the matter of *United States v. Rodriguez*, case no. 2:14-cr-00003-JCM-CWH. Defendant Edward Rodriguez has filed the instant motion for revocation or amendment of his detention order. (Doc. # 28). The government has filed a response in opposition. (Doc. # 29).

**I.    Background**

On January 7, 2014, the defendant was indicted on six (6) counts of distribution of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D), one (1) count of possession of marijuana with intent to distribute, in violation of the same sections, and one (1) count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

The defendant pleaded not guilty at his arraignment, and the government moved for detention arguing that the defendant was both a danger to the community and posed a risk of nonappearance. After hearing argument, Magistrate Judge Koppe ordered the defendant detained pending trial and made the following findings:

. . .

**James C. Mahan**
**U.S. District Judge**

> The indictment alleges that the defendant participated in six separate undercover sales of drugs during July and August of 2013. The defendant has prior felony crimes of violence, as well as two probation violations for which he was arrested on two separate occasions. In 2009, he was convicted of misdemeanor battery domestic violence. He also has more than one prior firearm conviction. He has an arrest for failure to appear. One of his prior convictions involves breaking into a female's home. His girlfriend told Pretrial Services that he smokes marijuana on a daily basis, so he does use illegal drugs on a daily basis. The Court notes that he has been employed, and it appears that he is still able to have that opportunity to be employed. However, as presented to the Court by the government, he also engages in a great deal of marijuana sales, marijuana was found in his home and he sold marijuana on at least six occasions. He admitted to possession of this firearm, and he has had other firearms. It appears when he is out of custody, he is engaged in committing crime. Therefore, the defendant is detained pending trial.

(Detention order, doc. # 14).

Defendant thereafter filed a motion to reopen the detention hearing. (Doc. # 16). The magistrate held a hearing on that motion, and issued an order denying it. (Doc. # 25). The defendant appeals that order.

**II.   Legal standard**

Title 18 U.S.C. § 3145(b) provides that "[i]f a person is ordered detained by a magistrate . . . the [detained] person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The standard of review is de novo. *See, e.g.*, *United States v. Koenig*, 912 F.2d 1190, 1191-92 (9th Cir. 1990); *United States v. Leon*, 766 F.2d 77, 80 (2d. Cir. 1985). The court must review the evidence presented to the magistrate judge and make "its own independent determination whether the magistrate [judge's] findings are correct, with no deference" to either the magistrate judge's factual findings or ultimate conclusion regarding the propriety of detention. *Koenig*, 912 F.2d at 1192-93. The court may, but need not, hold an evidentiary hearing to make this determination. *See id.*

Pursuant to 18 U.S.C. § 3142(e), the court must detain a defendant if it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." The statute provides a list of factors

**James C. Mahan**
**U.S. District Judge**

for the court to consider in determining whether detention is necessary: "(1) The nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

## III.  Discussion

After conducting a de novo review and making an independent determination, the court finds the defendant should be detained pending trial.

The defendant's argument can be summarized as follows: (1) marijuana is not as serious a drug as compared to, for example, cocaine, heroine, or methamphetamine; (2) other states and communities have exhibited a trend towards legalizing marijuana; (3) the amount of marijuana he is accused of possessing (110 grams) is small; (4) his criminal history should be minimized because he has not gotten in trouble since 2009; and (5) the gun he possessed "appears to be inoperable." The court is not convinced by any of these arguments.

The court is unconcerned with other states' evolving views on marijuana; the fact is that possession and distribution remain illegal federally and in this state.  The court is unpersuaded by his argument regarding the amount of marijuana for the same reason.

Next, his criminal history demonstrates he has a penchant for violence and he holds no respect for the law.  He has been arrested for multiple probation violations, contempt of court, failure to appear, attempted burglary, and battery constituting domestic violence.  He has also been charged with attempted murder with the use of a deadly weapon, battery with use of a deadly weapon, and discharging a firearm out of a motor vehicle.

The evidence here also indicates that defendant had been selling marijuana out of his own home, where his girlfriend, her sister, and up to six children reside.  Releasing the defendant pending trial would pose a risk not only to the community at large, but also to his own immediate family.

Finally, it is of no consequence that the gun he allegedly possessed appears to be inoperable. The defendant is a convicted felon and his possession of a weapon is a felony offense, regardless of its state of operation.  In addition, the defendant has been arrested at least twice for the same offense,

**James C. Mahan**
**U.S. District Judge**

1  demonstrating he is a repeat offender.

2  It is clear that he little respect for the law and, despite his assurances to the contrary, he is
3  incapable of learning from his mistakes.

4  In light of the foregoing, the court finds detention pending trial to be appropriate.

5  Accordingly,

6  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for
7  revocation or amendment of detention order (doc. # 28) be, and the same hereby is, DENIED.

8  DATED April 14 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -